**SOUTHWESTERN LIFE INSURANCE CO.,**
Appellant, a corporation,

v.

**Rosie L. HOUSTON, Appellee.**

No. 6982.

District of Columbia Court of Appeals.

Argued June 6, 1973.

Decided June 28, 1973.

---

5. Lo Medico v. Simkowitz, D.C.Mun.App., 158 A.2d 681 (1960).

Jerome P. Friedlander, II, Washington, D. C., with whom Mark P. Friedlander, Mark P. Friedlander, Jr., Blaine P. Friedlander, Harry P. Friedlander and Marshall H. Brooks, Washington, D. C., were on the brief, for appellant.

Alexander L. Benton, Washington, D. C., for appellee. Robert A. Harris, Washington, D. C., also entered an appearance for appellee.

Before FICKLING, KERN and YEAGLEY, Associate Judges.

PER CURIAM:

This is an appeal from a summary judgment entered by the trial court in favor of appellee who is the beneficiary under a policy issued by appellant insurance company insuring appellee's grandson against death, dismemberment and loss of sight caused by accident. The policy provides in pertinent part:

> [Appellant] [h]ereby insures the person named . . . against loss as specified herein, resulting . . . from accidental bodily injuries . . . subject to all the . . . exclusions . . . of the policy . . . .

The policy goes on to specify certain sums of indemnity to be paid for (1) *loss* of limbs and sight and for (2) *loss* of life. The policy then states under the heading in bold-faced print of "Exclusions and Limitations":

> This policy does not cover *loss* resulting from . . . injury intentionally inflicted on the Insured. (Emphasis added.)

It was undisputed that one Norfleet had confronted the insured while walking with his girl friend (Norfleet's former girl friend) and stabbed him with a knife and then pursued him for several blocks. Shortly thereafter, the insured was found lying on the sidewalk dead of multiple stab wounds.

Appellee urges that the judgment in her favor should be upheld under the familiar rule that ambiguities in an insurance policy must be considered against the company. Holt v. George Washington Life Insurance Co., D.C.Mun.App., 123 A.2d 619 (1956). Specifically, she argues that the exclusion quoted above is ambiguous because the phrase "injury intentionally inflicted" is not defined as to whether it means fatal or non-fatal injury. *See* Ziolkowski v. Continental Casualty Co., 365 Ill. 594, 7 N.E.2d 451 (1937). We are of opinion that the critical sentence contained in the exclusion is not ambiguous because the word "loss" refers expressly and unambiguously to (1) dismemberment and loss of sight *and* (2) death. Clearly, the loss in this case (death) was the result of an intentionally inflicted injury.[1]

Since there are no issues of material fact (the parties having resolved these by stipulation) and since we view the contract as plain and unambiguous, appellant and not appellee is entitled to judgment as a matter of law. For these reasons the trial

---

1. The Illinois court in Ziolkowski v. Continental Cas. Co., *supra*, concluded that the term "injury" contained in an accidental death policy was ambiguous as to whether or not it was intended to include "death". Therefore, that court construed the policy in favor of the beneficiary to allow recovery. However, we view the policy in the instant case as clear and unambiguous; it excludes *loss* resulting from intentionally inflicted injuries and therefore must be construed as written.

court's summary judgment in favor of appellee is reversed and the case remanded with directions to grant appellant's motion for summary judgment. Bloomgarden v. Coyer, 479 F.2d 201 (D.C.Cir.1973).

Reversed and remanded.